Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000535
25-APR-2018
08:40 AM

NO. CAAP-17-0000535

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARGARET LOUISE ROYCE AND STEVEN MICHAEL ROYCE,
Plaintiffs-Appellants,
v.
PLAZA HOME MORTGAGE, INC.; COUNTYWIDE HOME LOANS, INC.; FEDERAL
NATIONAL MORTGAGE ASSOCIATION BOFA MERRILL LYNCH ASSET HOLDINGS,
INC.; BANK OF AMERICA, N.A.; DOES 1-100,Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 16-1-0045 (K))

ORDER DISMISSING APPEAL FOR LACK APPELLATE JURISDICTION
(By: Ginoza, C.J., Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over Plaintiffs-Appellants Margaret Louise
Royce and Steven Michael Royce's (the Royces) appeal from the
Honorable Ronald Ibarra's June 8, 2017 order denying the Royces'
motion for reconsideration of an October 11, 2016 order granting
Defendants-Appellees Bank of America, N.A. (Bank of America), and
Countrywide Home Loans, Inc.'s (Countrywide), motion to dismiss
the Royces' amended complaint to quite title. The record on
appeal does not indicate that the circuit court has resolved the
Royces' amended complaint as to the other three remaining

defendants in Civil No. 16-1-0045K, namely Defendants-Appellees Plaza Home Mortgage, Inc. (Plaza Home Mortgage), Federal National Mortgage Association (Federal National Mortgage Association), and BOFA Merrill Lynch Asset Holdings, Inc. (BOFA Merrill Lynch Asset Holding), and the circuit court has not yet reduced any of its dispositive rulings to an appealable final judgment.

Although the circuit court's October 11, 2016 order dismissed the Royces' amended complaint as to Bank of America and Countrywide Home Loans, an aggrieved party cannot obtain appellate review of a dismissal order pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(2016) until the circuit court reduces the dismissal order to a final judgment as to all claims and parties pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP). See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). The circuit court has not yet reduced the October 11, 2016 order of dismissal to a separate and appealable final judgment.

Granted, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003) (citation omitted). Nevertheless, where, as here, the circuit court has not yet entered an appealable final judgment, the Supreme Court of Hawai'i "hold[s] that relief under HRCP Rule 60(b) requires an underlying judgment that comports with the principles of finality set forth in Jenkins. Absent an

underlying appealable final judgment, the circuit court's rulings on a purported Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." Bailey v. DuVauchelle, 135 Hawai'i 482, 491, 353 P.3d 1024, 1033 (2015). Consequently, the June 8, 2017 order denying the Royces' motion for reconsideration of the October 11, 2016 order of dismissal is interlocutory and not eligible for appellate review until the circuit court enters an appealable final judgment.

The Supreme Court of Hawai'i recently held that, when the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, the Hawai'i Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties. Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017). However, we conclude that the holding in Waikiki is inapplicable here because the circuit court has not yet resolved the Royces' amended complaint as to three other named defendants, namely Plaza Home Mortgage, Federal National Mortgage Association, and BOFA Merrill Lynch Asset Holdings. For example, the record reveals that on March 29, 2016, the circuit court denied Plaza Home Mortgage's Motion to dismiss the Royces' amended complaint as to Plaza Home Mortgage. Where, as here, the record on appeal does not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable final judgment on all claims (including the unresolved claims) is neither warranted nor authorized under HRS § 602-57(3) and the holding in Waikiki. In the absence of an appealable final judgment as to all claims and parties, the Royces' appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000535 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 25, 2018.

Chief Judge

Associate Judge

Associate Judge

4